**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ELVIS WAYNE JONES, #536937,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-2096-K** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for a writ of habeas corpus brought by a state

prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated within the Texas Department of Criminal

Justice -- Correctional Institutions Division (TDCJ-CID).  Respondent is the TDCJ-CID

Director.  The Court did not issue process in this case, pending preliminary screening.

Statement of the Case:  Petitioner pled guilty to the offense of burglary of a habitation in

the 283rd Criminal District Court, Dallas County, Texas, in cause number F89-86639.  The trial

court sentenced him to fifty years imprisonment.  Petitioner did not appeal.  He then

unsuccessfully sought habeas relief in both state and federal court.  *Jones v. Johnson* No.

3:00cv1775-G (N.D. Tex., Dallas Div., Dec. 1 2000), accepting findings and conclusions of

magistrate judge (dismissing federal habeas petition as time barred). Petitioner did not appeal

In the present petition for a writ of habeas corpus, filed on December 12, 2007, Petitioner

again seeks to challenge his conviction for burglary of a habitation. He alleges his plea was

involuntary and induced by his attorney, and his conviction was obtained by the victim's mafia

family monitoring of prison, prosecutorial misconduct, and grand jury tampering. (Pet. at 7-8).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996

limits the circumstances under which a prisoner may file a second or successive application for

post-conviction relief. *See* 28 U.S.C. § 2244(b) (West 2007). A petitioner must show that the

successive application is based on: (1) a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

and convincing evidence that no reasonable fact finder would have found him guilty of the

offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district

court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the

application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In

*United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that §

2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas

petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See*

*also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this court to consider the successive

petition in this case. Petitioner must obtain such an order before he can file another petition for

habeas relief under § 2254. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[1]

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).[2]

---

[1]     Although Petitioner's first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See Villanueva v. United States*, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); *Donaldson v. United States*, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); *see also Anders v. Cockrell*, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

[2]     On three prior occasions, Petitioner unsuccessfully sought leave to file a successive habeas petition in the Fifth Circuit. He has been warned that future submissions will invite the imposition of sanctions.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 13th day of March, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.